# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
**SAN MATEO COUNTY**

AUG 1 5 2019

Clerk of the Superior Court
By _____
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NOTRE DAME DE NAMUR UNIVERSITY, a California Non-Profit
Public Benefit Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN S. MOORE, III, individually and on behalf of all others similarly
situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hall of Justice<br>400 County Center<br>Redwood City, CA 94063 | **CASE NUMBER:**<br>*(Número del Caso):* **C I V 0 4 7 8 5** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Julian Hammond; 1829 Reisterstown Rd Suite 410 Baltimore MD 21208; 310-601-6766

| | | | |
|---|---|---|---|
| DATE: August 15 2019<br>*(Fecha)* | **NEAL TANIGUCHI** | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlaw.com
HAMMONDLAW, P.C.
1829 Reisterstown Rd., Suite 410
Baltimore, MD 21208
(310) 601-6766
(310) 295-2385 (Fax)

*Attorneys for Plaintiff and the Putative Class*

**FILED**
**SAN MATEO COUNTY**

AUG 1 5 2019

Clerk of the Superior Court
By _____
DEPUTY CLERK

FILE BY FAX

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SAN MATEO**

19CIV04765

| | |
|---|---|
| **JOHN S. MOORE, III,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**NOTRE DAME DE NAMUR UNIVERSITY,** a California Non-Profit Public Benefit Corporation,<br><br>Defendant. | CASE NO. _____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) **Failure to Pay Wages for All Hours Worked (Cal. Labor Code §§ 226.2, 1194, 1194.2; IWC Wage Order No. 4-2001, § 4);**<br>(2) **Failure to Authorize and Permit Paid Rest Breaks and Pay Premium Pay (Cal. Labor Code §§ 226.2, 226.7, 1194, 1194.2; IWC Wage Order No. 4-2001, §§ 4, 12);**<br>(3) **Failure to Issue Accurate Itemized Wage Statements (Cal. Labor Code § 226.2(a);**<br>(4) **Failure to Pay Compensation Due Upon Discharge From Employment (Cal. Labor Code §§ 201-203); and**<br>(5) **Unfair, Unlawful, or Fraudulent Business Practices (Cal. Bus. & Prof. Code § 17200 *et seq.*).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John S. Moore, III ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges the following:

## INTRODUCTION

1.      This is a class action under California Code of Civil Procedure § 382 seeking damages for unpaid wages, unpaid premium pay, failure to issue accurate itemized wage statements, unreimbursed business expenses, penalties, interest, and other equitable relief, including injunctive relief and restitution, as well as reasonable attorneys' fees and costs under California Labor Code ("Labor Code") §§ 226.2, 226.2(a), 226(a) and (e), 226.7, 1194, 1194.2, 201-203, and IWC Wage Order ("Wage Order") No. 4-2001, §§ 4 and 12, Cal. Civ. Proc. Code § 1021.5, and California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 et seq.

2.      Plaintiff brings this action on behalf of himself and all other similarly situated individuals currently and formerly employed in California by Notre Dame De Namur University ("NDNU" or "Defendant") as adjunct instructors or in a similar capacity ("Class Members") from four years prior to the filing of this Complaint through to the trial date ("Class Period"). Defendant's violations of California's wage and hour laws, as described more fully below, have been ongoing for at least the past four years, and are continuing at present.

3.      During the Class Period, Plaintiff and Class Members were non-exempt employees and were paid a set amount on a piece-rate basis or "Course Rate" – a fixed amount for each course taught during an academic semester. Additionally, Plaintiff and Class Members did not earn a monthly salary equivalent of two times the state minimum wage for full-time employment. As a result, Class Members do not fall within the professional exemption, or any other exemption, of Industrial Welfare Commission Wage Order No. 4, and are non-exempt employees who are entitled to be paid for all hours worked. However, Defendant failed to pay Class Members at least minimum wage for non-productive work outside the classroom teaching time (also referred to herein as "Non-teaching Time") in violation of Labor Code §§ 226.2, 1194, 1194.2, and Wage Order No. 4-2001, § 4.

4.      During the Class Period, Defendant, as matter of policy and/or practice, failed to authorize and permit Class Members to take paid off-duty rest breaks, and/or failed to pay Class Members for their rest breaks separately and hourly apart from the Course Rate, and failed to pay premium pay for missed rest breaks, in violation of Labor Code §§ 226.2, 226.7 and Wage Order No. 4-2001 § 12.

5. During the Class Period, Defendant failed to issue accurate itemized wage statements that included *inter alia*, all hours worked, applicable hourly rates, compensable rest periods, and compensable non-teaching time in violation of Labor Code §§ 226(a), 226.2(a).

6. In addition, this action is brought on behalf of a subclass comprised of Plaintiff and Class Members formerly employed by Defendant ("Waiting Time Penalty Subclass Members"). During the "Waiting Time Penalty Subclass Period" – designated as three years prior to the filing of the Complaint through to the trial date – Defendant failed to pay all compensation due and owing to Waiting Time Penalty Subclass Members for their non-productive work and rest break premium pay upon discharge from employment, which terminated upon the end of their courses taught, in violation of Labor Code §§ 201-203.

7. As a result of the above Labor Code violations, Defendant committed unfair, unlawful, and fraudulent business practices, in violation of the UCL.

## PARTIES

8. Plaintiff is a resident of San Leandro, California who was employed by NDNU as an adjunct instructor from approximately January 8, 2018 until May 11, 2018. Plaintiff taught graduate courses offered at NDNU. During his employment, Plaintiff was subject to Defendant's unlawful conduct described herein.

9. Defendant is a California non-profit public benefit corporation, with its main campus located in Belmont, California and a satellite campus in Tracy, California

## JURISDICTION

10. This Court has jurisdiction over Plaintiff's and Class Members' claims for failure to pay wages for all hours worked outside of classroom teaching time under Labor Code §§ 226.2, 1194, 1194.2 and Wage Order No. 4-2001 § 4.

11. This Court has jurisdiction over Plaintiff and Class Members' claims for failure to authorize and permit Class Members to take off-duty rest breaks and/or failure to pay Class Members for their rest breaks separately and hourly apart from the piece, and for failure to pay premium pay for missed rest breaks, under Labor Code §§ 226.2, 226.7, 1194, 1194.2 and Wage Order No. 4-2001 §§ 4, 12.

12. This Court has jurisdiction over Plaintiff's and Class Members' claims for failure to issue accurate itemized wage statements under Labor Code §§ 226.2(a), 226(a).

13. This Court has jurisdiction over Plaintiff's and Waiting Time Penalty Subclass Members' claims for compensation due upon discharge from employment under Labor Code §§ 201-203.

14. This Court has jurisdiction over the claims for restitution arising from Defendant's violations of Labor Code §§ 226.2, 226.7, 1194, 1194.2, and Wage Order No. 4-2001 § 4 and 12, under the UCL, Bus. & Prof. Code §§ 17203 and 17204.

15. This Court has jurisdiction over claims for attorney's fees and costs pursuant to Labor Code § 1194 and Cal. Civ. Proc. Code § 1021.5.

16. This Court has jurisdiction over the claims for declaratory and injunctive relief under the UCL, Bus. & Prof. Code §§ 17200 *et seq.*

17. The amount in controversy for Plaintiff, including claims for civil penalties and pro rata share of attorney's fees, is less than seventy-five thousand dollars ($75,000).

## VENUE

18. Venue is proper in the County of San Mateo pursuant to Cal. Civ. Proc. Code §§ 395(a) and 395.5. Defendant is headquartered in Belmont, California which is within the San Mateo County. Plaintiff was employed at Defendant's Belmont campus.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### A. *Defendant's Business and Class Members' Role in Business Operations*

19. Defendant is a private, non-profit secondary education provider that offers both undergraduate and graduate programs, online and on campus. The university is organized into three schools: College of Arts and Sciences, the School of Business and Management, and the School of Education and Leadership. Defendant offers 15 undergraduate degrees, 10 graduate degrees, and four credentials.

20. Courses are available in the Fall, Spring, and Summer semesters. Courses typically meet once per week in 3 or 4-hour class sessions. In addition to the scheduled class time, Defendant maintained a policy and/or practice requiring Class Members to arrive early to prepare for class and begin class on time, and to be available to students before class, during class (including during class breaks), and after class ended. As a result of Defendant's job duties and requirements including the requirement that Class Members arrive early and stay late after class, a scheduled 3-hour class required Class Members to work for at least 3.5 consecutive hours.

21. Defendant employs Class Members as adjunct instructors to teach the courses offered at each campus. During the Class Period, Class Members were employed on a per-course basis to teach a specific course. Class Members taught the Courses to students using materials from approved curriculum and in accordance with an assigned schedule.

22.     During the Class Period, in addition to teaching the Courses, Defendant required and expected Class Members to perform numerous non-productive tasks that must necessarily be done outside of class time. These tasks include, but are not limited to: (1) arriving on campus prior to the start of class to prepare the classroom and to be available to meet with students prior to start of class; (2) being available to students to meet for office hours after class; (3) being available to students during the week, including by phone and email; (4) creating course materials, such as syllabi, tests and quizzes; (5) building daily lesson plans and lectures; (6) grading assignments, tests and quizzes and submitting grades and progress reports; (7) completing end-of-term checklists with student grades; (8) attending faculty orientations, meetings and workshops; (9) attending graduations; (10) taking attendance daily and entering attendance online ("Non-Teaching Tasks").

**B. Defendant Compensated Class Members Based on the Number of Courses Taught**

23.     During the Class Period, Defendant paid Class Members a flat piece rate per unit taught for each course in a given semester.  In any given academic semester, Defendant scheduled Class Members to teach a different number of Courses, sometimes teaching one, two, or no Courses.

**C. Class Members Are Non-Exempt Employees under Wage Order No. 4-2001**

24.     During the Class Period, Class Members did not qualify as exempt under any exemptions set forth in Wage Order No. 4-2001, § 1(A) as they were not paid a salary, but rather by the piece (i.e., by the Course), and, in any event, Class Members were paid less than the monthly salary equivalent of two times the California minimum wage for full-time employment.  For example, during his employment as an adjunct instructor from January 2018 to May 2018, Plaintiff earned approximately $300 to $400 per month, which is substantially less than the applicable monthly salary equivalent of two times the California minimum wage for full-time employment.

25.     As a result, during the Class Period, Defendant was required to comply with the obligation to pay Class Members for all hours worked, to pay for non-productive time separate and apart from the piece, to authorize and permit paid rest periods, and to pay for time spent on rest periods separate and apart from the piece, pursuant to Labor Code §§ 1194, 226.2, 226.7 and Wage Order No. 4-2001, §§ 4 and 12.

**D. Defendant's Compensation Practices for Class Members Violated California's Minimum Wage and Rest Period Laws**

26.     Because Class Members are non-exempt employees who are paid by the piece, Defendant is required under Labor Code §§ 226.2, 1194, and 1194.2 to pay them at least minimum wage for all hours spent performing Non-Teaching Tasks. However, throughout the Class Period,

Defendant failed to pay any wages to Plaintiff and Class Members for the time spent on Non-Teaching Tasks. Nor did Defendant provide any means or mechanism for Plaintiff and Class Members to record their time spent performing Non-Teaching Tasks, and had no practice and/or policy in place to compensate Class Members for any work performed outside of class time.

27.     Defendant is also required under Labor Code § 226.2 to pay Class Members at their average hourly rate for their time spent on rest breaks separately and apart from the Course Rate, but does not do so. As a result, Defendant authorized, at most, only unpaid rest breaks. Because any rest breaks that Class Members took were unpaid, Defendant failed to authorize and permit rest breaks in accordance with § 12 of the Wage Order No. 4 and applicable law, thereby triggering an obligation to make premium payments to Class Members under Labor Code § 226.7 and Wage Order No. 4-2001, § 12(B).

28.     During the Class Period, Defendant's policies and/or practices also did not authorize and permit Class Members to take paid off-duty rest periods. At a minimum, Plaintiff and Class Members should have been provided a paid 10-minute rest break during their class sessions that were scheduled for at least 3 hours and that were in fact 3.5 hours long including the required pre-class preparation time and the time spent responding to students' questions before and after class. Defendant, however, maintained policies and practices that required and/or expected Class Members to devote the entire scheduled class time to teaching students and answering students' questions including during classroom breaks. Thus, Defendant failed to authorize and permit compliant rest breaks in accordance with Wage Order No. 4-2001, § 12(A) thereby triggering an obligation to make premium payments to Plaintiff and Class Members under Labor Code § 226.7 and Wage Order No. 4-2001, § 12(B).

29.     As an additional consequence of Defendant's failure to pay wages owed for Non-Teaching Tasks and premium pay for missed rest breaks, Defendant failed to issue accurate wage statements to Class Members which included (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece rate, (4) net wages earned (5) total hours of compensable rest and recovery periods; (6) rate of compensation for rest and recovery periods; (7) gross wages paid for compensable rest and recovery periods; (8) total hours of nonproductive time; (9) rate of compensation for nonproductive time; and (10) gross wages paid for nonproductive time, as required under Labor Code §§ 226(a) and 226.2(a).

30.     Additionally, Defendant was required to furnish non-exempt Class Members with wage statements that contained entries for total hours worked and applicable hourly rates earned during the pay period pursuant to Labor Code § 226(a)(2) and (a)(9). However, Defendant failed to do so and

instead issued wage statements that included lump sums earned during a particular period, with no entries for hours worked and hourly rates earned.

31.     As a result, Class Members could not readily ascertain their regular hourly rate, the total hours worked at that rate, the total hours worked during a pay period, and the gross and net wages earned from the wage statements alone, without reference to other document or information, including wage statements from previous pay periods.  Class Members have therefore suffered injury for the purposes of Labor Code § 226(e).

32.     As a further consequence of Defendant's failure to pay wages owed for Non-Teaching Tasks and premium pay rest breaks, Plaintiff and Waiting Time Penalty Subclass Members did not receive all compensation due to them in their final paychecks. As a result, Plaintiff and the other Waiting Time Penalty Subclass Members did not receive all wages due upon termination; nor did they receive these wages due within 30 days of the separation of their employment from Defendant.

**E. Defendant's Labor Code Violations Were Unfair Business Practices**

33.     From at least four years prior to filing this complaint, through the present, Defendant has adopted and used unfair business practices to reduce Class Members' compensation and increase profits. These unfair business practices include failing to pay Class Members for their time spent on rest periods separate and apart from the Course Rate; failing to authorize and permit timely off-duty rest periods; failing to pay premium pay for missed rest breaks; and failing to pay Class Members for their time spent Non-Teaching Tasks separately and apart from their Course Rate or at all.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this class action pursuant to Cal. Civ. Pro. Code. § 382 on behalf of the Class and Waiting Time Penalty Subclass. Upon information and belief, there are more than 100 Class Members, and more than 100 Waiting Time Penalty Subclass Members. The members of the Class and Waiting Time Penalty Subclass are so numerous that joinder of all members is impractical.

35.     Plaintiff's claims are typical of the claims of the members of the Class and Waiting Time Penalty Subclass because he was an adjunct instructor who was (a) paid a Course Rate, (b) not paid for rest break time and Non-Teaching Task time separately and apart from the Course Rate; (b) subject to Defendant's policies and practices that prevented and/or impeded his ability to take authorized and permitted to take paid off-duty rest periods, (c) not paid break premium pay; (d) not paid all wages due at termination; and (f) not provided an accurate and itemized wage statement each pay period.

36.     Plaintiff will fairly and adequately represent the interests of the Class and Waiting Time Penalty Subclass. Plaintiff has no conflict of interest with any member of the Class or Subclass. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class and Subclass.

37.     Common questions of law and fact exist as to all members of the Class and the Waiting Time Penalty Subclass and predominate over any questions solely affecting individual members of the Class and Subclass. Among the questions of law and fact common to the Plaintiff and the Class and Subclass are the following:

    a.  Whether a Course rate is a piece rate;

    b.  Whether Class Members are non-exempt employees;

    c.  Whether Class Members are entitled to at least minimum wage for all hours worked including time spent working outside of teaching the classroom;

    d.  Whether Class Members were entitled to separate and hourly pay for rest breaks, and/ or entitled to separate and hourly pay for their time spent on Non-Teaching tasks;

    e.  Whether Defendant violated Labor Code §§ 226.2, 1194, 1194.2 and Wage Order No. 4 2001, § 4 by failing to pay Plaintiff and the Class at least minimum wage for their time spent on Non-Teaching Tasks during the Class Period;

    f.  Whether Defendant is liable for liquidated damages to Plaintiff and the Class under Labor Code §§ 1194 and 1194.2 for its failure to pay for their time spent on Non-Teaching Tasks during the Class Period;

    g.  Whether Defendant violated Labor Code § 226.2 and Wage Order No. 4-2001, § 4 by failing to pay Plaintiff and the Class separately and apart from the Course Rate for their rest breaks during the Class Period;

    h.  Whether Defendant violated Wage Order No. 4-2001 § 12 by maintaining policies and/or practices that prevented or impeded Class Members from taking paid rest periods during the Class Period;

    i.  Whether Defendant violated Labor Code § 226.7 and Wage Order No. 4-2001 § 12 by failing to pay premium pay to the Class for each day that a paid rest period was not provided during the Class Period;

j.  Whether Defendant was required to furnish all Class Members with wage statements that included total hours worked and applicable hourly rates by virtue of their status as non-exempt employees, pursuant to Labor Code § 226(a)(2) and (a)(9);

k.  Whether Defendant violated Labor Code § 226.2(a) and/or Labor Code § 226(a) by failing to issue accurate itemized wage statements;

l.  Whether Defendant's violation of Labor Code § 226(a) was knowing and intentional;

m.  Whether Class Members suffered injury for the purposes of Labor Code § 226(e);

n.  Whether Defendant violated Labor Code §§ 201-203 by failing to pay Waiting Time Penalty Subclass for all of their wages due to them upon separation of their employment, including the wages owed to them for their time spent on rest periods and Non-Teaching Tasks;

o.  Whether these violations constitute unfair, unlawful, and fraudulent business practices, in violation of UCL;

p.  Whether Plaintiff and Class Members are entitled to restitution under Bus. & Prof. Code § 17200 *et seq.* for uncompensated wages, and unpaid premium pay;

q.  The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class and Subclass Members;

r.  Whether the Class is entitled to declaratory relief;

s.  Whether the Class is entitled to injunctive relief.

38.     Class action treatment is superior to any alternative method to ensure the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior method exists for the fair and efficient adjudication of this controversy.  Class Members are readily identifiable from Defendant's employee rosters and/or payroll records.

39.     Defendant's actions are generally applicable to the entire Class.  Prosecution of separate actions by individual members of each Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

40.     Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Furthermore, the amounts at stake for many members of each Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

### FIRST CAUSE OF ACTION
**Failure to Pay for All Hours Worked**
**[Cal. Labor Code §§ 226.2, 1194, 1194.2; Wage Order No. 4-2001, § 4]**

41.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

42.     Labor Code § 1194 provides, in relevant part:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage [...], including interest thereon, reasonable attorney's fees, and costs of suit."

43.     Labor Code § 1194.2 provides, in relevant part:

"In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. ..."

44.     Labor Code § 226.2(a)(1) states that "employees shall be compensated for...nonproductive time separate from any piece-rate compensation."

45.     As set forth above, during the Class Period, Plaintiff and Class Members were paid a fixed monthly Course Rate which compensated them for the time spent teaching courses, but Defendant did not compensate them for their time spent on Non-Teaching Tasks, separately from the Course Rate, or at all.

46.     Accordingly, pursuant to § 4 of Wage Order 4 and Labor Code §§ 226.2, 1194, and 1194.2, Plaintiff and the Class are entitled to recover, at a minimum, their unpaid hourly wages, plus liquidated damages in an additional amount equal to the wages unlawfully withheld during the Class Period for Class Members' time spent on Non-Teaching Tasks.

47.     Plaintiff, on behalf of himself and all other Class Members, requests relief as described below.

## SECOND CAUSE OF ACTION
**Failure to Authorize and Permit Paid Rest Periods or Pay Missed Rest Period Premiums**
**[Cal. Labor Code §§ 226.2 and 226.7; IWC Wage Order No. 4-2001 § 12]**

48.　　Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49.　　Labor Code § 226.2(a)(1) states that "employees shall be compensated for rest and recovery periods.... separate from any piece-rate compensation."

50.　　Wage Order No. 4-2001 § 12(A) provides:

> "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

51.　　California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

52.　　As set forth above, during the Class Period, Plaintiff and Class Members regularly worked more than 3.5 consecutive hours in a workday. However, Defendant did not compensate them for their time spent on rest breaks separately and apart from the Course Rate, as required under Labor Code § 226.2.

53.　　Defendant also engaged in a policy and/or practice which failed to authorize and permit Plaintiff and Class Members to take paid off-duty rest breaks by requiring them to remain available to students for office hours before, during and after class, in violation of Wage Order No. 4-2001, § 12.

54.　　As a result of Defendant's policies and practices, Plaintiff and the Class were not authorized and permitted to take compliant rest breaks, and are entitled to recover one additional hour of pay at the employee's regular rate of compensation for each day in which Defendant failed to authorize and permit Class Members to take paid rest periods as required under Labor Code § 226.7 and Wage Order No. 4-2001 § 12.

55.　　Plaintiff, on behalf of himself and all other Class Members, requests relief as described below.

### THIRD CAUSE OF ACTION
#### Failure to Issue Accurate Itemized Wage Statements
#### [Cal. Labor Code §§ 226(a), (e); 226.2(a)]

56.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

57.     Labor Code § 226(a) requires an employer to furnish employees who are non-exempt with wage statements that contain total hours worked (subd. (a)(2)), all applicable hourly rates earned (subd. (a)(9)), and gross wages accurate net (subd. (a)(1)), and net wages earned (subd. (a)(5)).

58.     In addition to the items an employer is required to list on employees' wage statements pursuant to Labor Code § 226(a), Labor Code § 226.2(a) requires employers to list on employees' wage statements, among other information, "total hour of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period."

59. .    Defendant, however, furnished Class Members with wage statements that did not include entries for hours worked and hourly rates earned. Rather the wage statements included a lump sum earned during each pay period and no hours or hourly rates.

60.     Additionally, as a consequence of Defendant's failure to pay separately and hourly for rest periods and Non-Teaching Tasks and/or Defendant's failure to pay for Non-Teaching tasks at least at the minimum wage and  failure to pay premium pay for missed rest breaks, Defendant failed to issue accurate wage statements which accounted for (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece rate, (4) net wages earned (5) total hours of compensable rest and recovery periods; (6) rate of compensation for rest and recovery periods; (7) gross wages paid for compensable rest and recovery periods; (8) total hours of nonproductive time; (9) rate of compensation for nonproductive time; and (10) gross wages paid for nonproductive time in violation of Labor Code § 226.2(a) and/or 226(a)(1), (a)(2), (a)(5), and (a)(9).

61.     Plaintiff and the Class suffered damages and were injured as a result of Defendant's knowing and willful violation of Labor Code §§ 226(a), and/or 226.2.

62.     As a result of Defendant's knowing and intentional violations of Labor Code § 226(a) described above, Class Members are entitled to recover an initial penalty of $50, and subsequent penalties of $100, for each incomplete and/or inaccurate wage statement issued to them, up to an amount not exceeding an aggregate penalty of $4,000 for each Wage Statement Subclass Member, pursuant to Labor Code § 226(e).

63.     Plaintiff, on behalf of himself and all other Class Members, requests relief as described

below.

### FOURTH CAUSE OF ACTION
#### Failure to Pay Compensation Due Upon Termination
#### [Cal. Labor Code §§ 201-203]
#### As to Plaintiff and the Waiting Time Penalty Subclass

64.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65.     Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to Class Members promptly after their employment was terminated.  Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to 30 work days.

66.     As alleged herein, Defendant willfully failed to pay Plaintiff and the Waiting Time Penalty Subclass for their time spent performing Non-Teaching Tasks, failed to pay for rest breaks separately and apart from the piece, and failed to pay rest break premium pay during their employment, or upon their termination or separation from employment with Defendant, as required by Labor Code §§ 201 and 202.

67.     In light of the clear law requiring that Defendant pay for time spent on Non-Teaching Tasks and rest breaks hourly and separately from the Course Rate, and the clear law requiring Defendant to authorize and permit Class Members to take off-duty rest breaks and pay premium pay for missed rest breaks, Defendant's failure to pay wages for such time was willful.

68.     As a result, Defendant is liable to Plaintiff and other members of the Waiting Time Penalty Subclass for waiting time penalties amounting to thirty (30) days wages for each formerly employed Class Member pursuant to Labor Code § 203.

69.     Plaintiff, on behalf of himself and all other Class Members, requests relief as described below.

### FIFTH CAUSE OF ACTION
#### Violation of Unfair Competition Laws
#### [Cal. Bus. & Prof. Code § 17200 et seq.]
#### As to Plaintiff and the Class

70.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

71.     The UCL prohibits any unlawful, unfair, or fraudulent business practices. Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards. Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL, because Defendant's conduct has violated state wage and hour laws as herein described.

72.     Beginning at least four years prior to the filing of this Complaint, Defendant committed, and continues to commit, acts of unfair competition, as defined in the UCL by wrongfully denying Class Members payment in the amount of at least minimum wages for all their hours worked in violation of Labor Code §§ 226.2 and 1194 and Wage Order No. 4-2001 § 4; by failing to pay Class Members for their rest breaks separately and apart from the Course Rate in violation of Labor Code § 226.2; and by failing to authorize and permit paid rest breaks and pay premium pay for missed rest breaks in violation of Labor Code § 226.7 and Wage Order No. 4-2001 § 12.

73.     By its actions and omissions, Defendant has substantially injured Plaintiff and the Class Members. Defendant's conduct as herein alleged has damaged Plaintiff and the Class and was substantially injurious to them.

74.     The harm to Plaintiff and the Class resulting from Defendant's labor code violations outweighs the utility, if any, of Defendant's policies and practices. Therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

75.     Plaintiff, on behalf of himself and all other Class Members, requests relief as described below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A.     An Order that this action may proceed and be maintained as a class action, with the Class and Subclass as designated and defined in this Complaint, and that the Plaintiff and his counsel be certified as representatives and Counsel for the Class and Subclass, respectively.

B.     On the First Cause of Action: That the Court find and declare that Defendant violated Labor Code §§ 226.2, 1194, and 1194.2 and/or Wage Order No. 4-2001, § 4 by failing to pay Plaintiff and Class Members for their time spent on Non-Teaching Tasks separately and apart from the Course Rate, or at all, and award Plaintiff and the Class the amount of their unpaid minimum wages owed to

1  them for Non-Teaching Tasks, plus liquidated damages in an amount equal to the wages unlawfully

2  withheld during the Class Period.

3    C.    On the Second Cause of Action: That the Court find and declare that Defendant violated

4  Labor Code §§ 226.2, and/or 226.7, and Wage Order No. 4-2001, § 12 by failing to pay Plaintiff and

5  Class Members for their time spent on rest breaks separately and apart from the Course Rate, failing to

6  authorize and permit timely off-duty rest breaks, and failing to pay premium pay for rest breaks; and

   award Plaintiff and the Class unpaid premium pay for missed rest breaks.

7    D.    On the Third Cause of Action: That the Court find and declare that Defendant has

8  violated §§ 226(a) and 226.2(a) of the California Labor Code, and award Plaintiff and Class Members

9  damages and statutory penalties as specified in Labor Code § 226(e).

10    E.    On the Fourth Cause of Action: That the Court find and declare that Defendant has

11  violated §§ 201–203 of the California Labor Code, and award Plaintiff and the Waiting Time Penalty

   Subclass penalties in the amount of 30 days' wages per Waiting Time Penalty Subclass member.

12    F.    On the Fifth Cause of Action: That the Court find and declare Defendant has violated the

13  UCL failing to authorize and permit paid rest breaks for members of the Class and failing to pay Class

14  Members for their rest beak separately and apart from the Course Rate, in violation of Labor Code §§

15  226.2, 226.7, and Wage Order No. 4-2001, § 12; by failing to pay Class Members for their Non-

16  Teaching Tasks; and award restitution to the Class, including, but not limited to, an additional hour of

17  pay at the employee's regular rate of compensation for each day that a paid rest break was not provided

18  during the Class Period; and that the Court enjoin Defendant from continuing to enforce policies and

   practices that violate Labor Code § 1194.

19    G.    That the Court award attorneys' fees and costs of suit to the extent permitted by law,

20  including, but not limited to, Labor Code §§ 1194, 2802(c) and Cal. Civ. Pro. Code § 1021.5.

21    H.    All other relief as this Court deems proper.

22                          **JURY DEMAND**

     Plaintiff hereby demands trial by jury of all claims against Defendant alleged herein.

23

24  Dated: August 15,  2019                Respectfully submitted,

25

26                                        Julian Hammond
                                          HAMMONDLAW, P.C.
27                                        Attorneys for Plaintiff

28

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>HammondLaw PC; Julian Hammond (SBN 268489)<br>1829 Reisterstown Rd Suite 410 Baltimore MD 21208<br><br>TELEPHONE NO.: 310-601-6766  FAX NO.: 310-295-2385<br>ATTORNEY FOR *(Name):* John S. Moore III | **FOR COURT USE ONLY**<br><br>**FILED**<br>**SAN MATEO COUNTY**<br><br>AUG 1 5 2019<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY 94063
BRANCH NAME: Hall of Justice

CASE NAME:
Moore v. Notre Dame De Namur

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>19CIV04765 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☑ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence           f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*  Labor Code Sec. 226.2, 226.7, 1194, 226(a) and (e), 201-203; UCL violation
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 15, 2019
Julian Hammond
(TYPE OR PRINT NAME)                                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice- Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**



| Attorney or Party without Attorney (Name/Address) | FOR COURT USE ONLY |
|---|---|
| HammondLaw PC; Julian Hammond<br>1829 Reisterstown Rd Suite 410 Baltimore MD 21208<br><br>Telephone:  310-601-6766<br>State Bar No.:  268489<br>Attorney for: JOHN S. MOORE, III | **FILED**<br>SAN MATEO COUNTY<br><br>AUG 1 5 2019<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA  94063 | |
| Plaintiff  JOHN S. MOORE, III | |
| Defendant   NOTRE DAME DE NAMUR UNIVERSITY | |
| **Certificate Re Complex Case Designation** | Case Number<br>**19CIV04765** |

FILE BY FAX

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.  In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

    ☒ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

    ☒ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management.

    ☒ Box 5 – Is [or is not] a class action suit.

2.  This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

<u>See Attachment Re: Complex Designation</u>

*(attach additional pages if necessary)*

3.   Based on the above-stated supporting information, there is a reasonable basis for the complex
case designation or counter-designation [or noncomplex case counter-designation] being made
in the attached Civil Case Cover Sheet.

\*\*\*\*\*

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated:   <u>August 15 2019</u>

<u>Julian Hammond</u>
[Type or Print Name]

_____
[Signature of Party or Attorney For Party]

**Attachment to Certificate Re Complex Case Designation**

This is a putative class action lawsuit brought on behalf of adjunct instructors employed by Defendant in California for (a) unpaid wages, (b) failure to provide and authorize paid rest breaks and/or pay rest break premium pay, (c) inaccurate wage statements, (d) waiting time penalties, and (e) unreimbursed business expenses. Plaintiff seeks damages, penalties, interest, injunctive relief and restitution, as well as reasonable attorneys' fees and costs under California Labor Code §§ 226.2, 226.2(a), 226(a) and (e), 226.7, 1194, 1194.2, 201-203 and other relevant statutes. (see attachment).

Plaintiff alleges that Class Members were non-exempt piece rate employees paid a fixed "Course Rate" for each course taught. Class Members were therefore entitled to be paid for non-productive time and rest break time separately and apart from the piece, were entitled to be paid for all hours worked, and were entitled paid off-duty rest periods, pursuant to Labor Code §§ 226.2, 226.7, 1194, and Wage Order No. 4-2001 §§ 4 and 12. However, Defendant (a) failed to compensate Class Members for time spent performing work-related activities outside of the scheduled class time; (b) failed to authorize and permit Class Members to take paid rest periods, and failed to pay premium pay for missed rest periods in violation of Labor Code § 226.7 and IWC Wage Order No. 4-2001 § 12; (c) failed to issue accurate wage statements in violation of Labor Code § 226(a); and (d) failed to pay Class Members all wages due upon termination, or within 72 hours of the separation of their employment from Defendant, in violation of Labor Code § 201. Defendant also failed to reimburse Class Members for their necessarily incurred business expenses in violation of Labor Code § 2802.

Plaintiff anticipates that this case will involve substantial motion practice with complex legal and factual issues, significant discovery and a large number of witnesses. Any class-wide settlement will necessitate substantial judicial supervision. Further, class actions are deemed provisionally complex under California Rules of Court, Rule 3.400(c)(6). Therefore, this action would be handled most efficiently and effectively by the Complex Litigation Department.



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org

FOR COURT USE ONLY

**FILED**
**SAN MATEO COUNTY**

**AUG 1 5 2019**

Clerk of the Superior Court
By _____
DEPUTY CLERK

PLAINTIFF: **JOHN S MOORE, III**

DEFENDANT: **NOTRE DAME DE NAMUR UNIVERSITY, A CALIFORNIA NON-PROFIT PUBLIC BENEFIT CORPORATION**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF CASE MANAGEMENT CONFERENCE AND COMPLEX FEES DUE**

CASE NUMBER:
**19-CIV-04765**

This case has been filed by Plaintiff(s) as a putative class action. By Standing Order 18-148 of the Presiding Judge, pursuant to California Rules of Court 3.400 and 3.403, this action is automatically deemed a "complex case" and assigned for all purposes to the Court's Complex Civil Litigation Judge, **the Honorable Marie S. Weiner, Department 2,** located at 400 County Center, Courtroom 2E, Redwood City, California 94063, (650) 261-5102.

The parties or their attorneys of record must appear for a Case Management Conference in Department 2 on **11/25/2019 at 9:00 a.m.**

**Pursuant to Government Code Section 70616(a), the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case (Govt.C. 70616(b) and (d)).**

Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.

Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) IS/ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Date: 8/15/2019                                    Neal I. Taniguchi, Court Executive Officer/Clerk

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by personally delivering a copy of this Notice to the Plaintiff or designee at 400 County Center, Redwood City, California.

Date: 8/15/2019                         By: _____
                                              Candi Latini, Clerk